UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EUGENE SCALIA, Secretary of Labor, United States Department of Labor, | ) ) ) | FILE NO. |
| Plaintiff, | ) ) ) | _____ |
| v. | ) ) | |
| JAMAR INTERNATIONAL, INC., d/b/a UNITORQ ACTUATORS & CONTROLS, INC.; JOHN J. CURTIN, an Individual; and UNITORQ ACTUATORS & CONTROLS 401(k) RETIREMENT PLAN, | ) ) ) ) ) ) | |
| Defendants. | ) ) | **C O M P L A I N T** **(Injunctive Relief Sought)** |

Plaintiff **EUGENE SCALIA**, Secretary of Labor, **UNITED STATES DEPARTMENT OF LABOR** ("the Secretary") alleges as follows:

1. This cause of action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., and is brought by the Secretary under § 502(a)(2) and (5) of ERISA, 29 U.S.C. § 1132(a)(2) and (5), to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain appropriate relief for breaches of fiduciary duty under ERISA § 409, 29 U.S.C. § 1109, and to obtain such other further relief as may be appropriate to redress violations and enforce the provisions of that Title.

2. This court has subject matter jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

3. Venue lies in the Northern District of Georgia pursuant to § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

4. Defendant **UniTorq Actuators and Controls 401(k) Retirement Plan** (hereinafter "Plan") is an employee benefit plan within the meaning of § 3(3) of ERISA, 29 U.S.C. § 1002(3), subject to coverage under ERISA pursuant to § 4(a), 29 U.S.C. § 1003(a), and is joined as a party defendant herein pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to ensure that complete relief may be granted.

5. Defendant **Jamar International, Inc., d/b/a UniTorq Actuators & Controls, Inc.** ("UniTorq" or the "Company") was at all relevant times a corporation doing business in the Northern District of Georgia. UniTorq sells pneumatic and electric actuators, accessories, and controls throughout the United States and sources materials from Asia. Current and former employees of UniTorq have participated in the Plan.

6. The Company was at all relevant times a "fiduciary" to the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), and a "party in interest" to the Plan within the meaning of ERISA § 3(14)(A) and (C), 29 U.S.C. § 1002(14)(A) and (C). The Plan's documents specify that the Company is

the Administrator of the Plan.  The Company is responsible for the administration and operation of the Plan, and at all relevant times, has had the discretionary ability to create and authorize distributions, authorize payroll, and approve and process distribution and loan requests.

7. Defendant **John J. Curtin** has been, at all times relevant to this action, the President of the Company.  As President of the Company, Mr. Curtin has overseen the day-to-day operations of the Company.

8. John J. Curtin has been, at all times relevant to this action, a "fiduciary" to the Plan within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A) and a "party in interest" to the Plan within the meaning of Section 3(14)(A) and (H) of ERISA, 29 U.S.C. § 1002(14)(A) and (H).  The Plan's documents specify that John J. Curtin is the Trustee of the Plan and is responsible for safekeeping of the fund accumulating Plan assets.  In addition, John J. Curtin, as President of the Company, has had the discretionary ability to create and authorize distributions, authorize payroll, approve and process distribution and loan requests and authorize, execute, and sign on behalf of, the Company for any fund-related activity.  He has exercised this ability throughout the times relevant to this action.

## ALLEGATIONS CONCERNING FIDUCIARIES' FAILURE TO TIMELY REMIT EMPLOYEE CONTRIBUTIONS

9.  The Plan was originally effective on January 1, 2014. The amended and reinstated provisions of the Plan became effective January 1, 2015, and January 1, 2019.

10. The Plan permitted participants to contribute a portion of their pay to the Plan through payroll deductions.

11. Under Sections 1.74 and 12.2 of the Plan Document, employees who entered into Salary Deferral Agreements were entitled to have the deferred salary amounts contributed to the Plan.

12. In accordance with 29 C.F.R. § 2510.3-102, participant contributions were required to be forwarded to the Plan on the earliest date on which such contributions could reasonably be segregated from the Company's general assets but no later than the fifteenth (15th) day of the month after the month in which the employer withheld those funds from employees' take-home pay.

13. As of January 1, 2017, the Plan had thirteen (13) Plan participants and $871,771 in Plan assets.

14. Between January 2016 and February 28, 2019, Defendants the Company and John J. Curtin withheld employee contributions to the Plan in the amount of at least $27,412.74 and failed to forward the contributions to the Plan.

15. Between January 2016 and February 28, 2019, Defendants the Company and John J. Curtin forwarded employee contributions to the Plan after the time period in which they were allowed under ERISA to forward contributions.

16. During the periods that participant contributions were not remitted to the Plan as required, Defendants the Company and John J. Curtin caused or allowed the contributions to be commingled with the general assets of the Company.

17. Defendants the Company and John J. Curtin caused or allowed the commingled funds referred to in the preceding paragraph to be used for purposes other than the exclusive purpose of providing benefits to the Plan and the participants.

18. Defendants the Company and John J. Curtin have failed to take action to restore to the Plan the full amount of the unremitted and late employee contributions plus lost interest that would have accrued but for the actions described in the preceding paragraphs.

19. Defendants the Company and John J. Curtin failed to operate the Plan in accordance with Plan documents governing the Plan. Pursuant to the Plan's Summary Plan Description, participants may reduce their take-home pay by a specific percentage or dollar amount to be contributed to the Plan as an elective deferral. However, between January 2016 and February 28, 2019, employees designated contributions to the Plan in the amount of at least $27,412.74 that Defendants the Company and John J. Curtin never remitted to the Plan. Plaintiff seeks to recover these unremitted contributions and lost earnings on the contributions.

20. Defendants the Company and John J. Curtin failed to monitor, control, or attempt to rectify the acts of one another with respect to the Plan.

CLAIMS

21. By the actions described in paragraphs 9 through 20, Defendants the Company and John J. Curtin, as fiduciaries of the Plan,

    a. failed to ensure that the assets of the Plan did not inure to the benefit of the Company, in violation of Section 403(c)(1) of ERISA, 29 U.S.C. § 1103(c)(1);

    b. failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying

reasonable expenses of administering the Plan, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

   c. failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

   d. failed to act in accordance with Plan documents by, in particular, failing to meet the requirements of the Salary Deferral Agreements in Sections 1.74 and 12.2 of the Plan Document, in violation of ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D);

   e. caused the Plan to engage in transactions that they knew or should have known constituted the direct or indirect transfer of Plan assets to, or use of Plan assets by or for the benefit of, a party in interest, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D);

   f. dealt with assets of the Plan in their own interest or for their own account, in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1); and

   g. acted in the transactions described involving the Plan on behalf of a party whose interests were adverse to the interests of the Plan or the

interests of its participants and beneficiaries in violation of § 406(b)(2) of ERISA, 29 U.S.C. § 1106(b)(2).

22. Defendants the Company and John J. Curtin are each liable for the breaches of the other, pursuant to § 405(a) of ERISA, 29 U.S.C. § 1105(a), in that they either (1) participated knowingly in an act of the other fiduciary, knowing such act was a breach, in violation of § 405(a)(1) of ERISA, 29 U.S.C. § 1105(a)(1); (2) failed to monitor or supervise the other fiduciary and thereby enabled the breach, in violation of § 405(a)(2) of ERISA, 29 U.S.C. § 1105(a)(2); or (3) had knowledge of a breach by the other fiduciary and failed to make reasonable efforts under the circumstances to remedy the breach, in violation of § 405(a)(3) of ERISA, 29 U.S.C. § 1105(a)(3).

WHEREFORE, pursuant to § 502(a)(2) and (5) of ERISA, 29 U.S.C. § 1132(a)(2) and (5), Plaintiff prays that the Court:

A. Order Defendants the Company and John J. Curtin, jointly and severally, to restore to the Plan all losses, including interest or lost opportunity costs, which occurred as a result of their breaches of fiduciary obligations;

B. Appoint an independent successor fiduciary or administrator, at Defendants the Company's and John J. Curtin's expense, to arrange for

termination of the Plan and distribution of assets if such actions have not yet occurred;

    C. Permanently enjoin Defendants the Company and John J. Curtin from serving as fiduciary, administrator, officer, trustee, custodian, agent, employee, or representative, or from holding any position having control over the assets of any employee benefit plan subject to ERISA;

    D. Enjoin Defendants the Company and John J. Curtin from engaging in any further action in violation of Title I of ERISA;

    E. Award Plaintiff the costs of this action; and

    F. Provide such other relief as may be just and equitable.

| ADDRESS: | KATE S. O'SCANNLAIN |
| --- | --- |
| | Solicitor of Labor |
| Office of the Solicitor | |
| U. S. Department of Labor | TREMELLE I. HOWARD |
| 61 Forsyth Street, S.W. | Regional Solicitor |
| Room 7T10 | |
| Atlanta, GA  30303 | ROBERT M. LEWIS, JR. |
| | Deputy Regional Solicitor and |
| Telephone:  (678) 237-0620 | Counsel for ERISA |
| Facsimile: (404) 302-5438 | |
| Email: | By:/s/ *Cameron W. Ellis* |
| ellis.cameron.w@dol.gov |  CAMERON W. ELLIS |
| Atlanta Docket |  Trial Attorney |
| atl.fedcourt@dol.gov |  GA BAR NO. 974199 |
| | Attorneys for the Secretary of Labor, United States Department of Labor. |
| SOL Case No. 19-00423 | |