UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EUGENE SCALIA, Secretary of Labor, United States Department of Labor, | ) ) ) | FILE NO. |
| Plaintiff, | ) ) | 1:20-cv-03837-MHC |
| v. | ) ) ) | |
| JAMAR INTERNATIONAL, INC., d/b/a UNITORQ ACTUATORS & CONTROLS, INC.; JOHN J. CURTIN, an Individual; and UNITORQ ACTUATORS & CONTROLS 401(k) RETIREMENT PLAN, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## CONSENT JUDGMENT AND ORDER

Plaintiff, Secretary of Labor, United States Department of Labor (the "Secretary"), pursuant to his authority under §§ 502(a)(2) and 502(a)(5), 29 U.S.C. §§ 1132(a)(2) and 1132(a)(5), of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq., ("ERISA") has filed a Complaint against Defendants Jamar International, Inc., d/b/a UniTorq Actuators & Controls, Inc. ("UniTorq"), and John J. Curtin ("Curtin") (collectively, "Defendants"). Defendants and the Secretary have agreed to resolve all matters in controversy in this action, except for the imposition by Plaintiff of any penalty

1

pursuant to ERISA § 502(l), 29 U.S.C. § 1132(l), and any proceedings related thereto, and said parties do now consent to entry of a Judgment and Order by this Court in accordance herewith.

  A. The Secretary's Complaint alleges that Defendants breached their fiduciary duties with respect to the UniTorq Actuators and Controls 401(k) Retirement Plan (the "Plan") by failing to discharge their duties under the Plan and by violating provisions of §§ 403, 404, and 406 of ERISA, 29 U.S.C. §§ 1103, 1104, and 1106, as set forth in the Complaint.

  B. Defendants hereby admit to the jurisdiction of the Court over them and over the subject matter of this action. Defendants admit that this Court has the authority to enforce this Order and that this Court is the most appropriate venue for any enforcement action that may be required as a result of this Order.

  C. Defendants each admit they are, or were at all times relevant to this action, acting as a fiduciary within the meaning of 11 U.S.C. § 523(a)(4). Defendant Curtin further admits that he, as president of Defendant UniTorq, withheld employee contributions from employees' paychecks and failed to timely forward these contributions to the Plan as required; instead, he retained these contributions and used them for Company expenses. Defendant Curtin

2

admits that this conduct with respect to the Plan and with respect to Plan assets constitutes defalcation while acting in a fiduciary capacity.

   D. Defendants expressly waive any and all claims of whatsoever nature that they have or may have against the Secretary, or any of his officers, agents, employees, or representatives, arising out of or in connection with the filing, prosecution, and maintenance of this civil action or any other proceeding and investigation incident thereto.

   E. This Order represents a complete settlement of all the Secretary's claims asserted in this action against Defendants, with the exception of any potential civil money penalties that may be assessed under § 502(l) of ERISA, 29 U.S.C. § 1132(l). This Order is not binding upon any government agency other than the U.S. Department of Labor and only resolves claims arising out of this action as between the Secretary and Defendants.

   F. The Secretary and Defendants expressly waive Findings of Fact and Conclusions of Law, except as otherwise set forth and addressed herein, and consent to the entry of this Order as a full and complete resolution of all claims and issues that were, or might have been, alleged in this action without trial or adjudication of any issue of fact or law raised in the Complaint.

**Accordingly, it is ORDERED, ADJUDGED, AND DECREED that**:

1. The Court has jurisdiction over the parties to this Order and the subject matter of this action and is empowered to provide the relief herein.

2. Defendants, their agents, servants, employees, and all persons in active concert or participation with them be, and they hereby are, permanently enjoined and restrained from violating the provisions of Title I of ERISA.

3. Defendants are removed from any position the Defendants hold as named or functional fiduciaries to the Plan.

4. Defendants are hereby permanently enjoined from acting as a fiduciary, trustee, agent, or representative in any capacity to any employee benefit plan, as defined by ERISA.

5. As a result of their fiduciary breaches, Defendants have caused the Plan losses totaling $46,335.24 (the "Restitution Amount"), which amount includes interest on those funds of $3,904.92, through August 1, 2020, and is calculated at the higher of the applicable Internal Revenue Code Section 6621 rate or the Plan's rate of return, for which Defendants are jointly and severally liable.

6. Defendants shall, on or before November 2, 2020, make full restitution to the Plan in the sum of $46,335.24, to be allocated to the accounts of

all the participants and beneficiaries and former participants and beneficiaries.

      a.      Defendants shall pay the Restitution Amount to the Plan in the following manner:

| On or Before | Payment Amount |
|---|---|
| September 8, 2020 | $15,445.08 |
| October 8, 2020 | $15,445.08 |
| November 9, 2020 | $15,445.08 |
| | **$46,335.24** |

Defendants shall, as confirmation of timely payment, within seven (7) days of each payment, forward *proof of deposit* only, directly to the U. S. Department of Labor, Employee Benefits Security Administration ("EBSA") at Siddiqui.Imran@dol.gov.

      b.      Failure to submit any installment payable within three (3) days of the date due shall result in the entire unpaid balance being due and payable immediately with no further notice of demand required.  In the event that Defendants fail to make restitution in the amount ordered, post judgment interest shall be assessed against any remaining unpaid balance of such amount in accordance with 28 U.S.C. § 1961 from the date hereof until paid in full.

7. The appointment of an independent fiduciary to the Plan, for the purposes of receiving funds from the Defendants and distributing the Plans' assets is authorized. The successor fiduciary shall be entitled to receive reasonable fees and expenses for its services. Defendants will bear all costs, fees, or expenses associated with the appointment of an independent successor fiduciary. Such costs, fees, and expenses may be deducted from the portion of the Restitution Amount allocated to Defendant Curtin.

8. AMI Benefit Plan Administrators, Inc., 100 Terra Bella Drive, Youngstown, Ohio 44505 is appointed as successor fiduciary for the Plan and:

    a. The successor fiduciary shall collect, marshal, and administer all of the Plan's assets and take such further actions with respect to the Plan as may be appropriate;

    b. The successor fiduciary shall have all the rights, duties, and responsibilities of any fiduciary or trustee described under the Plan documents or the applicable law, with respect to the successor fiduciary's duties;

    c. The successor fiduciary is authorized to delegate or assign fiduciary duties as appropriate and allowed under the law;

    d. The successor fiduciary shall be entitled to receive reasonable fees and expenses for his services, payable from the assets of the Plan.  Defendants shall be responsible for reimbursing the Plan for the entire successor fiduciary's reasonable fees and expenses with respect to services performed for the Plan.  Prior to obtaining payment for services and expenses authorized pursuant to this consent judgment, the successor fiduciary shall file with the Court, with copies to all parties, invoices for such fees and expenses at such times and on such a schedule as the successor fiduciary, in its sole discretion, deems appropriate.  Defendants acknowledge and agree that the invoice will be considered properly delivered if it is deposited in the United States mail, addressed to: Jamar International, Inc., d/b/a UniTorq Actuators & Controls, Inc., c/o John J. Curtin, President, 2150 Boggs Road, Suite 410 Duluth, Georgia 30096;

    e. If no party or the Court objects within 15 days of service of any invoice, full payment of such invoice shall be made as provided in Paragraph 7 or by Defendants to the Plan, and received by the successor fiduciary, not later than the 16th day following the date of the invoice.  Interest shall accrue on any past due amount at the rate of 18% per annum, compounded daily.  Defendants shall be responsible, jointly and severally,

for all costs, including reasonable attorneys' fees and expenses, incurred by the successor fiduciary and/or the Plan in the course of collecting such past due amounts. If any party or the Court objects to any payment, the matter should be resolved by the Court prior to payment;

  f. Defendants shall deliver or otherwise make available to the successor fiduciary any information, documents, files, or other compilations, wherever and however stored, that are reasonably necessary to perform the duties of the successor fiduciary;

  g. The successor fiduciary is authorized to give instructions respecting the disposition of assets of the Plan;

  h. The successor fiduciary in the performance of its duties may retain such assistance as it may require, including attorneys, accountants, actuaries and other service providers;

  i. The successor fiduciary or its agents, employees, or representatives may not be held personally responsible for any claims against the Plan that existed, arose, matured, or vested prior to the appointment of the successor fiduciary; and

  j. The successor fiduciary is to comply with all applicable rules and laws.

9. This Consent Judgment resolves all claims of the Secretary's Complaint with the following exceptions:

    a. This Judgment does not adjudicate or otherwise affect any potential civil money penalties that may be assessed under § 502(l) of ERISA;

    b. This Judgment does not affect or bind any governmental agency other than the U.S. Department of Labor; and

    c. This Court retains jurisdiction for purposes of enforcing compliance with the terms of this Consent Order and Judgment.

10. Each party shall bear his or its own costs and expenses, including attorneys' fees, arising in connection with any stage of the above-referenced proceeding, including but not limited to attorneys' fees that may be available under the Equal Access to Justice Act, as amended.

This 18th day of September, 2020.

*Mark H. Cohen*

_____
UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Defendants move for entry of the foregoing Judgment: | Plaintiff moves for entry of the foregoing Judgment: |
| | KATE S. O'SCANNLAIN<br>Solicitor of Labor |
| By:*/s/ Stephen P. Fuller*<br>    STEPHEN P. FULLER<br>    GA BAR NO. 280336 | TREMELLE I. HOWARD<br>Regional Solicitor |
| Attorney for Jamar International, Inc., dba UniTorq Actuators & Controls, Inc., and John J. Curtin | ROBERT M. LEWIS, JR.<br>Deputy Regional Solicitor and Counsel for ERISA |
| Fuller Sloan, LLC<br>10475 Medlock Bridge Road<br>Suite 820<br>Johns Creek, GA 30097 | By:*/s/ Cameron W. Ellis*<br>    CAMERON W. ELLIS<br>    Trial Attorney<br>    GA BAR NO. 974199 |
| (770) 622-4700 (Office)<br>(770) 622-4708 (Direct) | Office of the Solicitor<br>U.S. Department of Labor<br>61 Forsyth Street, S.W.<br>Room 7T10<br>Atlanta, GA  30303<br>(404) 302-5435 (Office)<br>(404) 302-5438 (Fax)<br>Attorneys for Plaintiff |